The 4th District's Public Court of the State of Illinois has now convened. The Honorable Craig H. D. Armon presiding. Good morning, Counsel. Our case for today is 4-19-0697, Rebecca Arkebauer, Appellant v. Springfield Clinic, et al., Appalee. Could Counsel for the Appellant please state your name for the record? Amelia Burgess. Thank you. Counsel for the Appalee, could you please state your name for the record? Good morning, Your Honors. Karen DeGran. Burgess, you can proceed. Thank you, Your Honor. May it please the Court? Good morning. My name is Amelia Burgess, and I am appearing today on behalf of the Plaintiff Appellant, Rebecca Lee Arkebauer. This case arises out of a colonoscopy procedure that was performed on June 28, 2010, by Dr. Peter J. Karras of the Springfield Clinic. This is a medical malpractice case arising out of that procedure, and to begin with, there are a few key facts where there is no dispute between the party. The first of which is that there is no question that the colonoscopy procedure itself caused damage to Mrs. Arkebauer's spleen, which ultimately resulted in the need for a performance of an emergency splenectomy. However, the defendant disputes and disagrees with whether or not this injury could have occurred without a violation of the standard of care, and in the absence of any negligence. There also is an allegation that the defendants in this case failed to obtain informed consent of the plaintiff prior to proceeding with the procedure, and whether or not they informed her of the risk of post-surgical bleeding specifically related to the spleen and the potential injury of the spleen. All the parties agree that injury to the spleen is a known complication of a colonoscopy procedure. However, the defendant disputes and denied that it failed to obtain informed consent. This case went to trial, an eight-day trial, at the end of which the jury found in favor of the defendants. The questions on appeal are whether or not the trial court made errors in some of its evidentiary findings, as well as in terms of the argument that was allowed during closing argument. The first of which is the allegations by the defendants that the plaintiff was a cause of her own harm. Now, it is not unusual in a case for a defendant to have allegations that the plaintiff in some way caused or contributed to their own harm. However, the manner in which the defendants in this case approached that argument was relatively novel in that they did not file the affirmative defenses of contributory negligence or failure to mitigate, but rather argued that this evidence and this argument was appropriate pursuant to a sole proximate cause defense. The plaintiff's position on appeal and at the trial court is that this was not the appropriate avenue for that argument, and that under Illinois law, the sole proximate cause defense is solely concerned with the conduct of individuals not a party to the lawsuit or conditions that are not caused by either of the parties. For example, in the Sullivan v. Edwards case, one of the allegations was that the nurses did not properly administer medicine. The nurses were not parties to the lawsuit. Under a traditional sole proximate cause analysis, it would be appropriate for the defendant in that case to both request a jury instruction on sole proximate cause, as well as to present evidence that some individual other than the plaintiff or the defendant was the sole proximate cause of harm. Ms. Burgess, may I interrupt you for a moment and ask you a question? Specifically, what evidence are you asserting was improper and that defendants should not have been allowed to introduce? Thank you, Your Honor. The evidence that was improper and should not have been introduced was all evidence regarding Mrs. Archibauer's conduct that the defendant argued caused her harm. So, for example, that she was taking aspirin and failed to inform her physicians that she was taking aspirin and that she continued to take aspirin after the surgical procedure. May I interrupt you there for a moment again? Looking at the complaint, actually, I'm not sure, I think this was, I've lost track here if it's an amended complaint, but in any event, count one of the amended complaint or the one that I'm looking at. Paragraph 33F. Plaintiff asserted that Dr. Karras was negligent, breached the standard of care, and that he failed to warn plaintiff or advise her at any time, and specifically after the colonoscopy, that she should not take aspirin or any other blood thinning medications. Didn't plaintiff herself frame this as an issue, therefore making it irrelevant to the presentation of the case? And further, didn't plaintiff's counsel elicit this very evidence during plaintiff's case in chief? Yes, Your Honor. However, the complaint having contained that allegation and plaintiff's counsel eliciting that information did not change the rules of civil procedure. The defendant was free to deny those allegations and to present evidence to the contrary in court regarding the plaintiff's conduct. However, the defendant still had to follow the rules of civil procedure which say that when a defendant wants to raise an allegation that the plaintiff either contributed to her own harm or failed to mitigate her damages, those constitute affirmative defenses. And as affirmative defenses, they must be pled and contained in the answer to them. In the absence of that, regardless of the allegations contained in the complaint as written by the plaintiff, where the defendant has not raised those affirmative defenses, they are waived and they may not be raised during trial. So yes, while the plaintiff raised these particular allegations and the defendant was free to refute these allegations, either by denying them or by raising allegations pointed at the plaintiff, the defendant still had to comply with the rules of civil procedure. I have a question about it. Is the evidence you're talking about here, was that what was subject to the plaintiff's motions in limine? Correct, Your Honor. Because the plaintiff used the civil procedure tool, motion in limine, to attempt to exclude evidence that was not admissible in order to ensure that the jury did not hear this prejudicial evidence during the trial. So the trial court denied the motions in limine after hearing on them, did it not? Correct. Then at trial, when this evidence was presented, is my understanding correct that the objection to the evidence was not renewed? Yes, Your Honor. One of the responses from the defendant is an argument that the plaintiff did not preserve this issue for review on appeal. As is discussed in the plaintiff's reply brief, however, that rule has a very specific requirement. And that is because in most instances, when it comes to the admission of evidence, it is both preferable and necessary for the court to consider that admission of evidence contemporaneously to its proffer. However, that is not the only rule. There are instances such as here, where the court is looking at something that does not require that contemporaneous consideration. Because here, the court was making a legal determination. It was answering a question of law. And the question of law here was whether or not the sole proxima cause defense can be used to raise issues regarding the plaintiff's conduct. And in that context, because the court addressed this issue extensively prior to the trial, and because it did not require contemporaneous objection, that this issue has been preserved on appeal pursuant to the case law that has discussed this exception. I want to explain it to you and give you a chance to address it. This is a panel of former trial judges. We've all had lots of experience as trial judges, and that's where our sympathies lie. Motions in limine by definition are discussions and rulings made by a trial court based upon an expectation of what the evidence will be. That is, as we all know, these are representations which one hopes will be accurate, but as the evidence is presented, may not be, which is one of the key reasons why motions in limine may be reconsidered during the course of a trial. So that, in this particular case, whatever the trial court may have thought about your motion in limine and having denied it, and I understand you weren't trial counsel and I suspect you would have known better had you been, the trial court has an opportunity to reconsider that ruling and to reconsider the context up to and including the moment when the party who wants to offer this evidence, and who's the other party in this case, the motion in limine has been denied, begins to offer it, to hear whether or not this objection is going to be renewed because the trial court may have changed the court's mind. Now, the other problem is this, in the absence of a renewed objection, if I'm the trial judge, I don't think I'm going to sue a spot to indicate anything. It might very well be that the parties have changed their tactical approach or think, you know, I want to keep that evidence out, but based upon what's now come in, maybe I can use it to my advantage or deal with it in some other fashion. So if I'm the trial judge, the rule that if you want to keep this evidence out, you better renew your objection is a meaningful one. So in that context, why shouldn't we simply state, and I think the rule is pretty clear, that the absence of a civil case of a renewed objection to evidence, the trial court has not chosen to bar the motion to eliminate, forfeits any claim on appeal that the evidence was improper. Thank you, Your Honor, and I appreciate the opportunity to address that because you have stated what is clearly the general rule with regard to motions eliminate, that they are not final until after the evidence has already been heard, and they are interlocutory in nature. However, courts have recognized that in some instances, and the plaintiff's position here, this is one of those instances, that that contemporaneous objection is not necessary because the trial court's order on the motion to eliminate was sufficiently definite as to inform the parties that its ruling was essentially final. I'm not suggesting that the court ever said that. The case law on this, Your Honor, comes from the appellate courts, saying that there is an exception to the- Why shouldn't we accept it? I think it's wrong. Your Honor- I don't want to beat around the bush with you here, counsel. I don't, for the reasons I explained as a matter of policy, why should, and aren't we abandoning trial judges? You know, it seems to me that the trial judges ought to be able to understand. If I'm the trial judge in this case, for instance, I might have been, it's obvious that the court gave serious consideration to the motion to eliminate. I will understand the rule to mean that if you wish to renew this objection, you have to do it. Otherwise, you've given it up, and it seems to me that the alternative that you're suggesting is no rule at all. You're telling the trial court, you have to sua sponte take action. Why is that good policy? Thank you, Your Honor. I appreciate your position, and I would agree with you to some extent that this exception to the general rule of contemporaneous objection should be used sparsely. That there is a reason that the appellate courts have developed a rule that you must re-raise that objection to the testimony, because so often the admission of testimony depends so much on how it is presented. But when there is an exception that has been created, even though it is a narrow one, it was created for instances like this one, where the court is making a decision on a question of law, where it has had ample opportunity to hear argument from the parties, and to understand exactly how that information and that testimony was going to be presented at trial, and which it was. It was consistent with the counsel's representations, as well as the discovery depositions before trial. In this instance, the need and the reason for the existence of the rule is no longer applicable, because the integrity of the trial court's decision has been maintained. And the parties could, in this instance, understand that even if this had been re-raised, even if objection had been made during the trial, the outcome and the ruling from the court would have been the same. However, I would also add that in this particular instance, where the question is a relatively novel one, and one with significant potential impact, that the questions of forfeiture and waiver, as we noted in our reply brief, control the actions of the parties, but do not apply to the court. So I would encourage the court to consider the legal issues that are raised by this case, and to make a determination that even if you believe that forfeiture and waiver are appropriate in this matter, and that you would like to take a stricter application of that general rule, that in this particular instance, it is nonetheless worthwhile for the court to address the issues that have been raised on these questions of law. Ms. Burgess, if I'm reading your brief correctly, you also, plaintiff also asserts that the trial court's denial of plaintiff's motion and Lemonade No. 3 was error. Is that right? Yes, Your Honor, that is correct. That that was an erroneous ruling because it was inconsistent with Illinois law. Again, this seems odd to me that a plaintiff asserted a claim that it would seem at the same time she seeks to preclude the introduction of evidence on, because plaintiffs in Lemonade Motion No. 3 sought to restrict any reference to or argument concerning any supposed act or omission by plaintiff, either before or after colonoscopy, that either contributed to cause exacerbated or was the sole cause of her splenic injury. And it would seem that's the exact claim that she made in paragraph 33F, that Dr. Karras failed to advise her against taking aspirin at any time. And so this in Lemonade Motion is plaintiff is seeking to preclude what appears to be relevant evidence as framed by the complaint. Thank you, Your Honor. The evidence the defendant sought to admit was only relevant if that issue had been raised. The plaintiff raised a very specific issue, which is that the defendant was negligent because the defendant failed to inform her of the risk of taking aspirin. The defendant was free in its answer to the complaint to say, we deny that allegation. And furthermore, we believe it was the actions of the plaintiff that caused her own harm and that the plaintiff was negligent in continuing to take aspirin. However, the defendant in order to raise that and to make this relevant evidence that was admissible had to follow the rules of civil procedure. And as we've discussed in our brief, this is a very important procedure to be followed. It is not a mere technicality because it goes to the very heart of how Illinois has apportioned fault between the parties under under tort law and under the modified comparative fault dynamic that has been both adopted by the Illinois Supreme Court and then ratified by the Illinois legislature, which says that there must be apportionment of fault between the parties. So when a defendant seeks to follow a sole proximate cause or an empty chair defense, that is an all or nothing argument. It says, and it could cause confusion with the jury, that the jury could believe that if the plaintiff was at fault, the plaintiff could not recover. That is not accurate under Illinois law under Illinois law and modified comparative faults. The jury is must be informed that allocation of fault is appropriate between the parties and furthermore, that when the defendant seeks to say that the plaintiff was at fault, that the plaintiff should bear some burden of the responsibility of harm that occurred, that it is the burden of the defendant to prove that as opposed to recognize that the argument that you make on appeal is different than plaintiff's counsel made in the trial court in regards to sole proximate cause plaintiff's counsel and trial court indicated acknowledged that plaintiff's conduct could be considered in determining sole proximate cause. Isn't there a problem here that there's a different argument being raised on appeal. No, Your Honor, I believe it is different ways of phrasing a similar argument. Yes, there are some distinctions that are to be made about how it has been framed, how it has been phrased before the court on appeal. But my interpretation of trial counsel's argument at trial was consistent with what we are arguing now, which is that the sole proximate cause defense is not appropriate within the absence of is not appropriate with regard to the conduct of the plaintiff, and that and this was argued by the trial counsel multiple times that the defendant could only raise these issues, if they had filed the affirmative defenses of either contributory negligence or failure to mitigate harm. Well, on appeal. I thought that you're arguing that a plaintiff's conduct cannot be considered sole proximate cause in the trial court. I recall plaintiff's counsel's statements to the court. He acknowledged that plaintiff's conduct could be so approximate cause that seems like they're those positions are really directly in opposition to each other. My time is almost up so I will on during my rebuttal, I will address those a little bit more detail. As I look up. Yes, my time is now, I will address it on rebuttal. Thank you, Your Honor. Thank you, Miss Burgess you'll have an opportunity to run. I think you're on mute, Mr grand. I am. Okay, I'm off mute now your honors. Good morning, and Karen D grand on behalf of the defendant of police Springfield Clinic, and Dr. Peter curious. May it please the court and counsel. I will, I'll begin with respectfully correcting counsel's many assertions that what plaintiff has raised is an issue of law plaintiff has not raised an issue of law has not raised a novel issue of law. This is not a legal issue. This is a well settled issue that a defendant may raise a sole proximate cause defense as the trial court specifically recognized when the evidence merits it. This is an issue that is entrusted to the sound to the sound discretion of the trial court. So, I have to point out that plaintiff starts out with the wrong standard of review, and all of the issues, frankly, that are raised by the plaintiff are subject to an abuse of discretion standard or review and evidentiary issue. The denial of what plaintiff claims was a motion for mistrial which does not appear in the record, and an allegation of closing argument here. Let me just first address. Just a statement statements and I obviously I agree with the courts recognition of the necessity for raising a contemporaneous objection, and it is, if there were ever an exception to that rule, this case would not provide the exception. Because if the record in this case points out nothing else. It's that the very conscientious trial judge was paying close attention to the testimony throughout the case, and the judge at the end of the, at the end of the trial. Gave further thought to the order that had been entered on the motion eliminate and and said I'm going to fire certain evidence that I'm not going to allow that instruction. So, if, if this case isn't an example of where it's absolutely necessary for the purposes, not just for the trial court to know when this is of course very important because as of all of the justices on this panel know the trial judge it's certainly not the burden of the trial judge to jump in and say, Did you want to preserve that objection to this testimony or that testimony, but how else can this court know what what is the testimony that plaintiff now is contesting, and we know that the judge was willing to consider those issues and went back and and did consider them. And if, and it was one of the, the threshold issues that we raised in our brief that not only was there not a contemporaneous objection to the testimony, and candidly there shouldn't have been, because the testimony, as Justice Harris pointed out, responded specifically, not only to the allegations and plaintiff's first amended complaint, and your honors not not just paragraph 33 but also paragraph 12 of the first amended complaint which appears at C202, which also raises this allegation that neither Dr. Kuras nor any other agent or employee of the Supreme Court advised Rebecca that she should not take aspirin for a period of time after the colonoscopy that brought that issue in, and it's, you know, the issue before the jury wasn't simply the issues that plaintiff put in plaintiff's instruction. Plaintiffs started out from the very get-go of this trial, arguing that there was a delay in diagnosis and arguing that that that and promising, frankly, that the jury was going to hear an expert come forward and testify to the, to the things that Dr. Kuras should have done in the time period after the colonoscopy and up to the time of this plenectomy. We were entitled to rebut that. I have a question for you, Mr. Grant. Certainly, your honor. If I understand correctly, it's your position that the plaintiff's conduct can be the basis of a sole proximate cause defense asserted by a defendant in this case or other court cases? It can be. If the testimony is there, certainly. Here's my question. In this particular case, you're pointing out how, as Justice Harris did as well, the pleadings of the plaintiffs seem to raise this issue, namely that she was taking aspirin or other drugs that might have had a deleterious effect. Let's assume for the moment that the pleadings didn't contain that issue at all. This is the same case without that allegation. Is it still your position that the defendant could have raised, that a defendant in the case of this time may raise the plaintiff's conduct as a sole proximate cause defense? I believe so, your honor. And again, it requires an assessment of the evidence. So it's not simply what is alleged in the complaint. And we know that what was alleged in the complaint here raised the type of evidence that was presented. And again, I have to correct counsel who stated that there was some sort of blaming or some sort of accusation of negligence of Ms. Archibauer. That never happened in this case. Mr. Grand, can I ask you a question? Certainly. Wasn't the unique fact in this case that everything you needed for purposes of claiming sole proximate cause, you already knew basically was coming in through the plaintiff's own case based upon their allegations in their amended complaint? Yes, your honor. And also based upon the testimony of their expert. So when the plaintiff's counsel stood up and at the beginning of the trial said, you're going to hear from Dr. I hope I'm pronouncing his name correctly. Dr. Sangaday, that Dr. Kuras and the Springfield Clinic were negligent in the time period after the colonoscopy up to the time of the splenectomy. Well, that's the very testimony that counsel's, I think, complaining about now. But again, that's plaintiff's evidence.  To follow up on what Justice Steigman was asking about, wouldn't really the rule that you're arguing should apply really is limited to these sort of factual circumstances where everything that would be needed for that proximate sole proximate cause defense is already going to be presented by the plaintiff themselves? I guess I'm not certain I'm following your question. I mean, I think there can be a sole proximate cause defense where the test depends on the record. The testimony could come in, for example, through our expert. No, without you having to present a defense or assert it as a defense, because the plaintiff is arguing, well, you should have had to have raised these defenses. Absolutely not, Your Honor. Your position, which I thought was pretty unique or interesting, at least, was that no, because everything we need for sole proximate cause is coming in through the plaintiff's case. So we don't need to assert affirmative defenses. That's exactly right, Your Honor. And I'll go one step further. And I know this court is very well versed in Leonardi versus Loyola, which made clear, you know, however many 40 years ago, that to contest causation, there is no affirmative defense that is required. And there is no, and to contest and to take the position that there is a sole proximate cause defense, there is no affirmative defense that is required. It's mainly, it's looking at the elements, and the evidence can be minimal. It can be unpersuasive. And it can be, it doesn't have to be by any stretch of the imagination. Let me follow up on Justice Ehrman's point. Certainly. You understand that, but I think what I want you to address specifically is the claim of Ms. Burgess about all of these things. Do they apply, the points you just made, do they apply when the sole proximate cause defense is based upon the conduct of the plaintiff? And specifically, have you addressed her argument that, wait a minute, this is a claim of essentially comparative negligence, affirmative defense, and has to be raised and so forth. It may, and let me preface it by saying, as you know, you and Ms. Burgess are very experienced lawyers doing this a lot. You understand that this court is writing to decide this case, but provide guidance in other cases. So my question is, what are we supposed to say about your claim that sole proximate cause applies to plaintiffs, that defense can apply to plaintiffs, and what are we supposed to say, from your point of view, about Ms. Burgess' contention that now you have to plead it, affirmative defense, and all the rest, and in responding, Justin Stammer makes a good point about the record in this case, but what if the record in this case doesn't show that? That is, that the evidence of the sole proximate cause defense, the defendant wishes to raise pointing at the plaintiff, would all have to come from the defense. Does that make a difference? I don't, I think, so I'm hearing, I think, two or three questions, and so I'm going to try to answer them. I'm sure you are, and I apologize for stating them as awkwardly as I fear I do. No, and I appreciate that, and I'm following the court, so, and I'm sure the court will remind me if I've left anything out. Can the plaintiff's conduct be the subject of a sole proximate cause defense? It can be, and I think one of the things that counsel is not acknowledging is that there's, the defense in issue was not simply offering a 12, IPI 12.04, but 12.05, and the other, so 12.05 is something, and the thing was the post colonoscopy conduct of the plaintiff to the extent, so the thing was ingesting the medication that Dr. Mitchell, and also plaintiff's own expert, Dr. Sengoday, said may have led to the splenectomy being necessary. So, yes, so the conduct, especially when considered in a situation like this, where the failure or the lack of information given back to Springfield Clinic, when the Springfield Clinic was calling to say, Ms. Archibauer, how are you doing? And the information they're getting back is, I'm okay. They're not getting anything about the problems that she was experiencing, and the fact that she evidently was taking ibuprofen or aspirin to address the back pain and the shoulder pain. Yes, those things, which in this case are part of plaintiff's conduct, may be the subject of a sole proximate cause defense, but I also can say when the court raises the issue of, well, you know, what is the takeaway from this case for future cases, for future situations is that issue doesn't even have to be addressed, because what happened here was the judge denied the motion, or rather denied the instruction, refused the instructions tendered by the defense, and there was a limiting instruction that we would argue, and, you know, again, the judge gave the limiting instruction within its discretion to say, okay, and this was the plaintiff's limiting instruction. You're not to consider any of this evidence, which I think certainly went overboard, even if the court didn't think a sole proximate cause defense was appropriate, and during all of that time, the plaintiff is not objecting. The plaintiff is not saying we need something else. The only, the, you know, so the issue, truly, it becomes one of, but the plaintiff accepted it. The plaintiff accepted what the court did to cure, and under the Holloway case of this court, you know, what I think we quoted it and paraphrased was, what was fair enough then is fair enough now. So for the plaintiff now to say, well, that wasn't good enough, that didn't cure the problem, the plaintiff gave the court the limiting instruction, which the court read verbatim to the jury. The only sort of after the fact suggestion of a motion for a mistrial is not appropriately documented in the record. There is no compliance with rule 323B, rather C, and, you know. May I interrupt you on that score? Was there any objection made in the trial court to the affidavit of plaintiff's counsel? No, Your Honor, and there was, and I'll submit to the court that there was no requirement that the defense object to the plaintiff putting that affidavit in the record. Rule 323C talks about advice. Both defense counsel and the trial court referred to the affidavit, and there was no objection made or criticism as to lack of compliance with Supreme Court rule. So when you consider other case law in regards to the failure to object to an affidavit, the trial court can consider it for what it's worth, right? Yes, as far as this, as far as it goes, which is an affidavit that was appended to the post-trial motion, but it does not comply with rule 323C, which contemplates a bystanders report, which comes after the notice of appeal is filed, Your Honor. But it wasn't used in the context of an appeal. It was used in the trial court in post-trial proceedings. That's right. It was the affidavit was used in post-trial proceedings. Can I ask you another question? And this relates to IPI 1205. Certainly. Doesn't it seem odd that there is only one case, Sullivan v. Edward Hospital, that addresses the use of 12.05 in the context of a plaintiff's conduct being sole proximate cause? Your Honor, we cited another case, Kaczynski, or something, I'm afraid I'm not getting the name of it right, that discusses that potential. Did it address it squarely like Sullivan did? I believe that it was a brief discussion, but it did discuss it. But I think my point is this. To the extent that the issue that the court is considering is, well, can a plaintiff be the other actor in the context of 1204? I think that the plaintiff is arguing that as a party, that that is not appropriate, that's not an empty chair. But we're talking also about 1205, where we're talking about some other thing. And the other thing is the ingestion of these medications. And the other thing is no report to Springfield Clinic that would lead Dr. Karras to do anything. And that, of course, is a response to plaintiff's allegation that there was some sort of a delay in diagnosis. I have a question for you on the point that Justice Harris was making a few moments ago with regard to counsel's supposed bystander's affidavit that was submitted at the hearing on the motion for a mistrial. You're claiming it shouldn't be considered, it was not done properly. But as I mentioned to Ms. Vargas, my sympathies are all with the trial judge. And it seems to me that if you think that this bystander's affidavit, whatever you want to call it, was improper and shouldn't be considered, then you have to tell that to the trial court, not argue the merits of it. Having heard the merits of it, why should we consider your argument at all now? I will tell you why, Your Honor. I'm not saying that the trial court should not have considered the affidavit. I'm saying this court shouldn't have considered it as a bystander report, as described in Rule 323. So we should tell the trial court, judge, you made a mistake. You shouldn't have considered this affidavit of contents, even though the defense never objected. Nope, I am not saying that, Your Honor. No, Your Honor. I'm not saying that you should- That's what it sounds like, Counsel. It's not. It is not. And if I suggested that, then I didn't articulate my position correctly. The position I'm saying is for, you know, the plaintiff, as the appellant in this case, has the obligation to come forward to the court with the record that supports her position. And there's a case out of this district on point that we cite in our brief, People v. Hart. When, at the time of, the trial record is a trial record. What was before the trial court on the post-trial motion was before the trial court on the post-trial motion. And after filing a notice of appeal, and this court actually sends out a docketing statement that specifically, you know, sets out the timeframe. The plaintiff then files, may, if there's something missing from the record, may send within the time set forth by this court and also under the Supreme Court rule, send to the other side, here is a proposed bystanders report. Then we would have had the opportunity to either agree or disagree or what have you. Then we would go back to the trial court and the trial court would sort out any issue. That is a rule 323 compliant affidavit or bystanders report. So I'm not criticizing the trial court at all for considering that. I'm saying that that is a shortcoming in the record. That is a shortcoming on the part of the appellant and has, has nothing to do with any obligation by the defense. All right, Mr. Grand, your time is up. Thank you very much. Thank you, Your Honors.  Thank you, Your Honor. I will begin by addressing the question posed by Justice Harris that I didn't have time to answer before. And that was the question of whether or not plaintiff's position on appeal is consistent with the position taken by trial counsel before the trial court. So I would reference the court there to see 737 beginning at 736, which is plaintiff's written motion and limiting number three, in which the plaintiff discusses the evidence that they are seeking to exclude, talks about the pleading requirements for affirmative defenses, and then states that because defendants have failed to plead any such defenses, they should be precluded from offering this evidence and argument at this point in time. So while at times I believe things were phrased differently or arguments were made in the in the alternative, on the whole, I believe that position taken by plaintiff on appeal is consistent, certainly sufficiently consistent with the position taken by plaintiff's counsel at the trial court level. Next, I would like to address the question raised by Justice Dermond about whether or not the evidence presented in support of defendants sole proximate cause argument all came through the plaintiff. I thought this was a very interesting question. And this is why this case is very interesting legal issue with regard to sole proximate cause, because, yes, the plaintiff did raise allegations unquestionably in the complaint that the defendant failed to inform the plaintiff of the potential consequences of being on aspirin prior to and after this procedure. However, actually, and I think that, borrowing some of the words used by defense counsel during this argument, that the defendant could then try to minimize that argument. They could say that the evidence presented in support of that allegation by the plaintiff was minimal, unpersuasive or unsupported by the evidence. The distinction and why everything changes is because here the defendant did not just do that. The defendant went a step further and both introduced evidence and argument that, number one, it was not negligent. But number two, that the plaintiff's own actions caused her injury. And when the plaintiff's own actions are raised and questions of that are raised, that is the affirmative defense of contributory negligence. And I understand that both of the trial court and here counsel has argued that so long as they didn't use the word fault or negligence or blame against the plaintiff, that somehow that is different and that's not raising an affirmative defense of contributory negligence. But as we stated in our brief, that's really a difference without a distinction, that the way that it is phrased is not the pertinent inquiry. The pertinent inquiry is whether or not a jury in this case could have concluded that the defendant was not liable because of something the plaintiff did. And if that is the case, then the trial court erred in its denial of the motion to eliminate because that is an allegation of contributory negligence or failure to mitigate. And next, I would like to briefly address the limiting instruction, because I believe here that counsel on appeal is taking a slightly different approach or position than taken at the trial court. Because at the trial court, defense counsel was very clear with their concerns about attempting to, at the end of trial, instruct a jury that evidence they had heard over eight days, they now had to disregard. And the Herculean task that would present to any jury, even one that has been given a limiting instruction, and that it is limiting instructions work where there is a discrete level of testimony that can quickly and, as I said, discreetly be dealt with. But here, it was pervasive throughout the trial and as a result, no limiting instruction could mitigate the harm done by the failure of the trial court to prevent this evidence from being introduced in the first place. And finally, contrary, I believe, the record will show that the trial counsel did express, in addition to defense counsel, but also expressed concern about a limiting instruction, saying that in expressing the concerns that highly prejudicial testimony had already been heard, and that an instruction could only be mildly effective at trying to counteract this. Nevertheless, trial counsel did what trial counsel should have done when the court made it clear that it was excluding this evidence and would not be declaring a mistrial and would instead be giving a limiting instruction, which did the best, gave a best effort at writing one as was requested by the trial court. So as a result, unfortunately, though, that limiting instruction just could not do the task that the jury was being asked to accomplish. And finally, with regard to the affidavit, I think to some extent that labeling it as a rule 323 C. Oh, I apologize, Your Honors, I am out of time. Thank you. The plaintiff would respectfully request that this court reverse the ruling of the trial court and remand for further proceedings. All right. Thank you, counsel. The court will take this matter under advisement. The court stands in recess. Thank you.